U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 2 1 2014

CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:13-CV-978-A |
| | § | (NO. 4:12-CR-047-A) |
| ALBINO CHAVEZ-VAZQUEZ | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Albino Chavez-Vazquez

("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence.  Having reviewed the motion, the record, the

government's response,[1] and applicable legal authorities, the

court concludes that the motion should be denied.

I.

Background

On May 4, 2012, movant pleaded guilty to illegal reentry

after deportation, in violation of 8 U.S.C. § 1326(a) &

(b)(1)(2).  On August 24, 2012, the court sentenced movant to a

term of imprisonment of 51 months, to be followed by a three-year

term of supervised release.  Movant appealed, but his attorney

moved for leave to withdraw under Anders v. California, 386 U.S.

_____

[1] As of the date this memorandum opinion and order is signed, movant has filed nothing in reply
to the government's response.  According to this court's order signed on January 1, 2014, the deadline for
filing such a reply was February 20, 2014.

738 (1967), contending that there were no nonfrivolous issues for

appellate review, and the Fifth Circuit dismissed movant's

appeal.  United States v. Chavez-Vazquez, 537 F. App'x 482 (5th

Cir. 2013).  Movant did not seek certiorari review.  He timely

filed his § 2255 motion on December 9, 2013.

## II.

### Grounds of the Motion

Movant claims that his trial counsel was ineffective for (1)

failing to properly advise movant of his constitutional rights,

(2) failing to object to unsupported allegations in the

presentence report regarding an aggravated felony, and (3)

failing to collaterally attack the underlying deportation and

removal order.

## III.

### Analysis

A.    Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to

appeal, courts are entitled to presume that a defendant stands

fairly and finally convicted.  United States v. Frady, 456 U.S.

152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32

(5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).  A defendant

can challenge his conviction or sentence after it is presumed

final on issues of constitutional or jurisdictional magnitude

2

only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors.  Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

B.   Legal Standard for Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).  Both prongs of the Strickland test must be met to demonstrate ineffective assistance.  Id. at 697.  Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one."  United States

3

v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood
of a different result must be substantial, not just conceivable,"
Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant
must prove that counsel's errors "so undermined the proper
functioning of the adversarial process that the trial cannot be
relied on as having produced a just result." Cullen v.
Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466
U.S. at 686)).  In the context of a guilty plea, prejudice
requires movant to show there is a reasonable probability that,
but for his attorney's errors, he would not have pleaded guilty
but would have gone to trial.  Hill v. Lockhart, 474 U.S. 52, 59
(1985).  Judicial scrutiny of this type of claim must be highly
deferential, and movant must overcome a strong presumption that
his counsel's conduct falls within the wide range of reasonable
professional assistance.  Strickland, 466 U.S. at 689.

C.    First Claim

     In his first claim, movant contends that his attorney was
ineffective for failing to advise him of his constitutional
rights, specifically, his "Boykin[] trial rights, guaranteed to
him by the Fifth and Six[th] Amendments," and Rule 11 of the
Federal Rules of Criminal Procedure.  Mot. at 5.  However, movant
alleges no facts and identifies no evidence to support his
contention.  The Fifth Circuit "has made clear that conclusory

4

allegations of ineffective assistance of counsel do not raise a
constitutional issue in a federal habeas proceeding." <u>Miller v.
Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000).

    Further, the record in movant's criminal case shows that
movant's contentions are without merit.  The Supreme Court case
of <u>Boykin v. Alamaba</u>, 395 U.S. 238 (1969), provides that before
accepting a guilty plea, the court is required to ascertain that
a defendant "has a full understanding of what the plea connotes
and of its consequences." <u>Id.</u> at 244.  Similarly, Rule 11 of the
Federal Rules of Criminal Procedure describes what the <u>court</u>, not
an attorney, must address with a defendant in open court prior to
accepting a guilty plea.  Movant apparently claims that his
attorney was deficient for failing to advise movant of such
obligations of the court.  However, the transcript of movant's
rearraignment shows that the court did explain to movant his
constitutional rights and the implications of a guilty plea and
that movant stated he understood the court's explanations.
Rearraignment Tr. at 5-26.  Solemn declarations in open court
carry a strong presumption of truthfulness, and a defendant bears
a heavy burden to show that the plea was involuntary after
testifying to its voluntariness in open court.  <u>DeVille v.
Whitley</u>, 21 F.3d 654, 659 (5th Cir. 1994).  Further, movant
offers no explanation for how the outcome of his proceeding would

have been different had his attorney advised him of the court's obligation to do exactly what the record shows the court did before accepting movant's guilty plea. Therefore, movant's bare contention that his attorney failed to advise him of his rights pursuant to Boykin and Rule 11 is without merit.[2] Accordingly, movant's claim fails.

D.   Second Claim

Movant next claims that his counsel was ineffective for failing to object to unsupported allegations in the presentence report regarding an aggravated felony. Movant contends that the probation officer recommended an offense level of 16 based on an alleged conviction for an aggravated felony but did not identify the conviction or provide any documents supporting it.

A review of the record shows that the PSR, and later the court, found movant's total offense level to be 13, which included an 8 level increase under USSG § 2L1.2(b)(1)(C) for conviction of an aggravated felony. In the PSR, the probation officer specifically stated that such enhancement was based on movant's two prior convictions for assault causing bodily injury

---

[2] The court also notes that to the extent that movant is claiming that his plea colloquy did not comply with Rule 11, or that the court failed in its obligations under Boykin, such claim would be barred in this motion because the Fifth Circuit concurred with movant's attorney on appeal that such argument was frivolous. United States v. Chavez-Vazquez, 537 F. App'x 482 (5th Cir. 2013); Appellant's Anders Brief, at 7-9; see Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (If issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.").

to a family member.  The probation officer also attached

documentation of those convictions.  Therefore, the objection

urged by movant would have been meritless, and it is well-settled

that the failure to make a frivolous or meritless objection

cannot constitute ineffective assistance of counsel.  United

States v. Preston, 209 F.3d 783, 785 (5th Cir. 2000).

Further, movant makes no showing that such an objection

would have made any difference to the outcome of the sentencing

proceeding.  The court sentenced movant to a term of imprisonment

outside of the advisory guideline range, stating that a sentence

above the top of the range was necessary and appropriate to

address the factors the court should consider in sentencing under

18 U.S.C. § 3553(a).  Movant has not shown a substantial

likelihood of a different result at sentencing even if his

counsel had made the frivolous objection movant suggests.

Therefore, movant's second claim fails.

E.    Third Claim

In his third claim, movant contends that his counsel was

ineffective for failing "to argue that . . . at his removal

proceedings, [movant] was not advised of his right to appeal or

right to counsel in Spanish" and that "there were irregularities

in the underlying deportation order."  Mot. at 8.  It is apparent

to the court that movant is attempting to collaterally attack the

7

underlying deportation and removal order pursuant to 8 U.S.C. §
1326(d).  See United States v. Lopez-Ortiz, 313 F.3d 225, 229
(5th Cir.2002).  For movant to be successful in such an attack,
he must demonstrate that "(1) the removal hearing was
fundamentally unfair, (2) the proceeding improperly deprived him
of the opportunity for judicial review, (3) the procedural
deficiencies caused him actual prejudice, and (4) he exhausted
any administrative remedies that were available to challenge the
order." United States v. Garrido, 519 F. App'x 241, 242 (5th
Cir. 2013)(citing Lopez-Ortiz, 313 F.3d at 229; 8 U.S.C. §
1326(d)).  However, movant fails to make such a showing.
Therefore, movant has not shown that his counsel had any basis
for the collateral attack, and his counsel cannot be held
ineffective for failing to do so.  Accordingly, movant's third
claim fails.

IV.

Order

Therefore,

The court ORDERS that the motion of Albino Chavez-Vazquez to
vacate, set aside, or correct sentence pursuant to 28 U.S.C. §
2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate
Procedure, Rule 11(a) of the Rules Governing Section 2255

8

Proceedings for the United States District Courts, and 28 U.S.C.

§ 2253(c)(2), for the reasons discussed herein, the court further

ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the

denial of a constitutional right.

    SIGNED March __21__, 2014.


                    JOHN McBRYDE
                    United States District Judge